18-927-cv
*Heaman v. Berryhill*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 13th day of March, two thousand nineteen.

Present:     ROBERT A. KATZMANN,
                        *Chief Judge*,
               DEBRA ANN LIVINGSTON,
               CHRISTOPHER F. DRONEY,
                        *Circuit Judges*.

_____

JOSHUA ROBERT HEAMAN,

                        *Plaintiff-Appellant*,

                  v.                                                    No. 18-927-cv

NANCY A. BERRYHILL, Acting Commissioner of
Social Security,

                        *Defendant-Appellee*.

_____

For Plaintiff-Appellant:              PETER A. GORTON, Lachman & Gorton, Endicott, New
                                               York.

For Defendant-Appellee:            BENIL ABRAHAM, Special Assistant U.S. Attorney, *for*
                                               Grant C. Jaquith, U.S. Attorney for the Northern District of
                                               New York (Stephen P. Conte, Regional Chief Counsel,
                                               Office of the General Counsel, Social Security
                                               Administration, *on the brief*), New York, New York.

Appeal from an order of the United States District Court for the Northern District of New York (Dancks, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Joshua Heaman appeals from a judgment of the United States District Court for the Northern District of New York (Dancks, *M.J.*) entered March 20, 2018, affirming the denial of his application for disability insurance and supplemental security income under Title II of the Social Security Act (the "Act"), 42 U.S.C. § 401 *et seq.*, and Title XVI of the Act, 42 U.S.C. § 1381 *et seq*. Heaman contends that the opinion of the administrative law judge ("ALJ") was not supported by substantial evidence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Our review of the denial of disability benefits "focus[es] on the administrative ruling rather than the district court's opinion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009).[1] We "review the administrative record *de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence standard is "a very deferential standard of review—even more so than the 'clearly erroneous' standard," and the Commissioner's findings of fact must be upheld unless "a reasonable factfinder *would have to conclude otherwise*." *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam).

---

[1] Unless otherwise indicated, all internal citations, quotation marks, and alterations are omitted.

To be disabled under the Act, a claimant must establish an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). There is a five-step process to determine disability status. The claimant must first demonstrate that he is not engaging in substantial gainful activity (step one) and that he has a "severe impairment" that limits his ability to work (step two). *See id.* §§ 404.1520(a)(4)(i), (ii). If his impairment is per se disabling under the Act, then he is entitled to disability benefits (step three). *See id.* §§ 404.1520(a)(4)(iii), (d). If not, the Commissioner considers whether the claimant has sufficient residual functional capacity ("RFC") to return to past relevant work (step four). *See id.* § 404.1520(a)(4)(iv). If the claimant is too impaired to return to past relevant work, the burden shifts to the Commissioner in the fifth and final step to show that jobs that the impaired claimant could perform exist in significant numbers in the national economy. *See id.* § 404.1520(a)(4)(v).

Heaman applied for disability benefits in September 2012 and for supplemental security income in January 2013, asserting that he became unable to work on September 7, 2011, due to a lower back injury and related ailments. His application was denied, and he requested a hearing before an ALJ. The ALJ held two hearings, at which Heaman and a vocational expert testified. The record before the ALJ included, among other things, the opinions of treating physicians Drs. Betsy Koickel, Matthew Bennett, and George Stover, consultative physician Dr. Justin Magurno, and medical expert Dr. Chukwuemeka Efobi.

The ALJ concluded that Heaman was not disabled. At step four, the ALJ found that, if Heaman stopped abusing alcohol and marijuana, he would have the RFC to perform unskilled sedentary work with certain limitations. The ALJ gave less weight to the views of Heaman's

3

treating physicians, relying instead primarily on the opinions of Drs. Magurno and Efobi, as well as treatment notes, clinic findings, and diagnostic testing. At step five, the ALJ found that, given this RFC, there were a significant number of jobs in the national economy that Heaman could perform. Finally, the ALJ concluded that Heaman was not disabled because his substance abuse disorder was a contributing factor to the determination of disability.[2]

## I. RFC Determination (Step Four)

Heaman first argues that the ALJ's RFC determination is not supported by substantial evidence because the ALJ substituted his lay opinion for the uncontradicted opinions of Heaman's treating physicians that he would be off-task and absent for significant portions of each day and month and would require a sit-stand option. While the ALJ is not "permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion," *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000), the ALJ may "choose between properly submitted medical opinions," *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998), including the report of a consultative physician, *see Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir. 1983).

Here, the ALJ expressly relied not on his lay opinion but rather the "opinions of the consultative examiner [Dr. Magurno] and the medical expert [Dr. Efobi]," as well as the "treatment notes, clinical findings and diagnostic testing of record," Admin. Record at 22, which contradicted the opinions of Heaman's doctors. Specifically, the ALJ explained that Heaman had "demonstrated the ability to function with minimal limitations when he is abstinent from alcohol," *id.*, because Dr. Efobi had concluded that if Heaman were totally abstinent, he would have no to mild limitations in his mental ability to do work-related activities. With respect to

---

[2] Claimants are not entitled to disability benefits if alcohol or drug abuse is a contributing factor to their disability. 42 U.S.C. §§ 423(d)(2)(c), 1382c(a)(3)(J). Heaman does not dispute the ALJ's finding that his drug addiction and alcoholism were contributing factors to the determination of disability.

physical limitations, the ALJ relied on Dr. Magurno's finding of only "mild limitations for sitting, standing, walking, pushing, and pulling," based on an examination that "found normal gait, the ability to rise from a chair without difficulty, [and] somewhat decreased range of motion of the lumbar spine." Admin. Record at 16 (citing *id.* at 441-42). The ALJ further explained that Dr. Magurno's findings were consistent with post-surgery imaging that showed only moderate issues, electrodiagnostic testing that showed no significant issues, as well as moderate test findings in Dr. Bennett's treatment notes. Therefore, substantial evidence supports the ALJ's RFC determination.

Heaman next argues that the ALJ erred in assigning less weight to his treating physicians. "[T]he treating physician rule generally requires deference to the medical opinion of a claimant's treating physician," but "the opinion of the treating physician is not afforded controlling weight where . . . the treating physician issued opinions that are not consistent with other substantial evidence in the record, such as the opinions of other medical experts." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). An ALJ who refuses to accord controlling weight to the medical opinion of a treating physician must consider various "factors" to determine how much weight to give to the opinion, including the evidence in support of the treating physician's opinion and the consistency of the record as a whole. 20 C.F.R. § 404.1527(c)(3)-(4). The ALJ here provided "good reasons" for giving the treating physicians' opinions less weight, *see Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998), including that their opinions were "merely checkbox forms that offer little or nothing with regard to clinical findings and diagnostic results," and, further, were inconsistent with the moderate findings reflected in the doctors' notes, Admin. Record at 22.

5

## II. Availability of Jobs in the National Economy (Step Five)

Last, Heaman argues that the testimony from the vocational expert did not support the ALJ's conclusion that jobs exist in significant numbers in the national economy within Heaman's RFC. Since Heaman's sole objection to the ALJ's conclusion at step five is that the RFC did not incorporate the limitations asserted by Heaman's treating physicians regarding attendance, ability to remain on task, and need for a sit-stand option, this argument fails for the same reason as Heaman's challenge to the RFC determination.

## III. Conclusion

We have considered all of plaintiff's remaining contentions and have found in them no basis for reversal. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK